IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CMFG LIFE INSURANCE COMPANY            :

                                          :

    v.                                :   Civil Action No. DKC 19-3054

                                          :

KEDRICK JENIFER, et al.                :

                                          :

**MEMORANDUM OPINION**

Presently pending in this interpleader action are the motion to stay proceedings by the estate of Bettie Jenifer (ECF No. 19), the motion for summary judgment by Kedrick Jenifer ("Mr. Jenifer") (ECF No. 26), and the estate's motion to join parties or, in the alternative, substitute parties. (ECF No. 27). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to join parties will be granted, the motion for summary judgment will be stayed, and the motion to stay the proceedings will be denied as moot.

**I.    Background**

This interpleader action is designed to determine the proper beneficiary for the proceeds of a life insurance policy issued by CMFG Life Insurance Company ("CMFG Life") to Bettie Jenifer ("Decedent") facially valued at $150,000 ("the Death Benefit"). The named beneficiary is Mr. Jenifer, and if he is disqualified,

the proceeds would go to the decedent's estate.  At present, the money has been paid into the registry of the court and CMFG Life has been discharged.  Counsel for the estate now moves to remove the estate from the proceeding, to join Decedent's children as real parties in interest, and to strike his appearance, because the estate has been closed.

Counsel for the estate moved to join or substitute Bryce and Diamond Jenifer, Decedent's two children, as parties pursuant to Fed.R.Civ.P. 20 or 25.[1]  According to the motion, the estate has fully closed and a final accounting of it was approved by the Orphans' Court for Prince George's County.  Further, Ms. Pearson has expressed a desire "to relinquish any further right to serve as Personal Representative."  Counsel asserts that, "the only parties with an economic interest in this case are Mr. Jenifer and Decedent's two children" and thus they "are the only parties who stand to gain from the outcome of the case."  If they so choose, counsel argues, they should be given the right to litigate whether Mr. Jenifer is a "disqualified person."  The last portion of the motion responds to the summary judgment motion and argues that it "does not comply with Fed.R.Civ.P. 56(c)(1)" in that Mr. Jenifer

---

[1]  The four situations accounted for and allowing for substitution under Fed.R.Civ.P. 25 are not directly applicable here.  The motion is properly treated as permissive joinder under Fed.R.Civ.P. 20.

has not pointed to particular evidence showing "the absence of a dispute of material fact," and so it should be denied.

Mr. Jenifer subsequently responded on November 18 that he did not oppose the request to substitute the children of Decedent or to dismiss the estate as a party.  He asserts that he "has spoken with the children and they are willing to be substituted as parties in lieu of the Estate."  He also notes he "consents to holding his pending Motion for Summary Judgment in abeyance" for a "reasonable period of time" to allow the children to be substituted and to respond.  (ECF No. 28).

## II.  Standard of Review

Fed.R.Civ.P. 20(a) provides, in pertinent part:

> Persons ... may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20 "should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983).  Courts liberally construe the first requirement and find that "claims arise from the same transaction or occurrence if they have a logical relationship to one another." *Stephens*, 807 F.Supp.2d at

382 (citing 7 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane ("Wright & Miller"), Federal Practice and Procedure § 1653 (3d ed.)).  Similarly, the second requirement "does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact." *Id.* at 384 (quoting Wright & Miller, § 1653) (emphasis added in Stephens).

## III. Analysis

The requested joinder of Decedent's children easily clears the hurdle demanded of permissive joinder under Fed.R.Civ.P. 20. With the estate now closed, Decedent's children, as her heirs, are the ones who would collect if Mr. Jenifer is deemed disqualified. The declaration sought as to the Decedent's children as potential Defendants is the same as was sought against the former estate and pertains to the exact same clause of the same life insurance policy.  As the only potentially adverse parties to Mr. Jenifer, moreover, their joinder promotes trial convenience and an expeditious resolution to the question posed by this interpleader. The children were already directly impacted by the outcome of this dispute and likely on notice of it as a result.  The apparent consent of both the children and Mr. Jenifer to this joinder, however, removes any potential prejudice to either party.  Joinder of Bryce and Diamond Jenifer as Defendants is proper.

4

## IV.  Conclusion

For the foregoing reasons, the motion for joinder of parties will be granted, and Mr. Jenifer's motion for summary judgment will be stayed until such time as Decedent's two children, Bryce and Diamond Jenifer, have been added as parties and given time to respond to Mr. Jenifer's motion for summary judgment.  The estate's counsel's motion to strike his appearance from the case will be granted.[2]  The estate's motion to stay proceeding pursuant to Md. Code Est. & Trs. § 11-112(e)(2) will be denied as moot.  A separate order will follow.

                                             /s/
                                DEBORAH K. CHASANOW
                                United States District Judge

---

[2] As counsel points out, with the closure of the estate it is not even clear that he still has a "client," although the requested joinder is a clear extension of his authority to help wind-up the estate.  (ECF No. 27, at 4).