IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CMFG LIFE INSURANCE COMPANY  :

    v.  :  Civil Action No. DKC 19-3054

KEDRICK JENIFER
BRYCE K. JENIFER, and  :
DIAMOND S. JENIFER

**MEMORANDUM OPINION**

Defendants, Kendrick Jenifer through attorney Michael J. Hoover as counsel and Bryce and Diamond Jenifer, proceeding without counsel, filed a joint motion for the entry of final judgment and for an order of disbursement in this life insurance interpleader action on January 15, 2021.  (ECF No. 34).  For the reasons that follow, the motion will be denied without prejudice.

This action was initiated by Plaintiff CMFG Life Insurance Company who asserted that, under Maryland law, Defendant Kedrick Jenifer could be disqualified from death benefits from Decedent's life insurance policy if he was involved in the Decedent's death. Maryland's common law slayer rule "generally provides that one who feloniously and intentionally causes the death of another may not profit by taking any portion of . . . the proceeds of the victim's life insurance policy."  *Clark v. Clark*, 42 F.3d 1385, at *3 (4th Cir. 1994) (unpublished table decision) (citing *Ford v. Ford*, 307 Md. 105, 111-12 (1986)). The initial additional party was the

Estate of Bettie M. Jennifer.  The current additional parties are her children, the only beneficiaries of her estate.

Mr. Jenifer filed a motion for summary judgment to establish his entitlement to the interpleaded proceeds — arguing that he is not disqualified as a beneficiary.  (ECF No. 26).  He consented to this motion being held in abeyance, however, until such time as Defendants Bryce and Diamond Jenifer, children of Decedent, could both be substituted and respond both the complaint *and* the motion, as noted in our previous order.  (ECF No. 29).  They have subsequently answered the complaint (ECF No. 32) but have chosen not to respond to the motion.

The subsequent and pending motion for entry of final judgment (ECF No. 34), indicates that Defendants entered into a settlement agreement and that all jointly request that the funds held by the court be disbursed to Mr. Hoover's IOLTA account for distribution in accordance with the parties' settlement agreement.  The parties' proposed order specifies that the court will retain jurisdiction to enforce the terms of the parties' settlement agreement.

The court cannot retain jurisdiction over, or have the authority to enforce, a settlement agreement that has not been incorporated into a court order, absent some independent basis for federal jurisdiction:

> As the United States Supreme Court has recognized, the enforcement of a contractual settlement agreement "is more than just a

2

>continuation or renewal of the dismissed suit." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "If the obligation to comply with the terms of the agreement is not made part of an order of the court, jurisdiction to enforce the settlement agreement will not exist absent some independent basis of jurisdiction." *Smyth ex. rel. Smyth v. Rivero*, 282 F.3d 268, 281 (4th Cir. 2002). This Court neither expressly maintained jurisdiction to enforce the parties' settlement agreement nor incorporated the terms of the settlement agreement in its July 9, 2002 Order. In addition, there appears to be no independent basis for federal jurisdiction over this contract dispute. Enforcement of a settlement agreement is essentially an action for breach of contract, which is governed by state and not federal law.

*Columbia Gas Transmission Corp. v. Ashleigh Heights LLC*, 261 F.Supp.2d 332, 333 (D.Md. 2002). "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen*, 511 U.S. at 381 (1994). Here, the settlement agreement has not been provided to the court and thus has not been made a part of the court record.

Additionally, the parties have not adhered to the court's electronic filing policy. Particularly, attached as page three of the motion, is a signature page purportedly containing the signatures of Defendants Bryce Jenifer and Diamond Jenifer. This method of "signing" is incomplete. Pursuant to this court's ECF manual, for signatures of a non-attorney party, "the document containing the signature may be submitted in electronic format so

3

long as counsel has and maintains a signed copy."  The motion does not indicate that counsel has and will retain the signed original.  See  https://www.mdd.uscourts.gov/electronic-case-filing-general-procedures).

    For the foregoing reasons, the joint motion for the entry of final judgment and for an order of disbursement will be denied without prejudice.  A separate order will follow.

                                             /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge